LeMASTER et al., Appellants,

v.

HUNTINGTON NATIONAL BANK et al., Appellees.

[Cite as *LeMaster v. Huntington Natl. Bank* (1995), 107 Ohio App.3d 639.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE05–585.

Decided Dec. 5, 1995.

640

*Isaac, Brant, Ledman & Teetor, J. Stephen Teetor* and *Timothy E. Miller,* for appellants.

*Crabbe, Brown, Jones, Potts & Schmidt, Larry H. James* and *David J. Demers,* for appellee Huntington National Bank.

DESHLER, Judge.

Plaintiffs, Harry A. LeMaster, Barbara LeMaster, Paul King, Evelyn King, and LeMaster Group, Inc., appeal a judgment of the Franklin County Court of Common Pleas denying plaintiffs' motion for prejudgment interest pursuant to R.C. 1343.03(C).

This case has its origin going back to March 1992 when plaintiffs were involved with various parties in a case styled *Citizens Bank Co. v. LeMaster Group, Inc. et al.,* in the Washington County Common Pleas Court. At that time, plaintiffs' claims were advanced through a cross-claim. In February 1993, plaintiffs demanded, in writing, a settlement of their claims against Huntington National Bank ("Huntington") for $1,150,000. There was no response to this demand. The case in Washington County was later dismissed without prejudice in August 1993. On December 17, 1993, the plaintiffs refiled their claims against Huntington, alleging breach of fiduciary duty, breach of covenants, fraud, negligent and intentional misrepresentation, promissory estoppel, detrimental reliance, malicious prosecution, and abuse of process. The refiled case was filed in Franklin County. Following trial, the jury returned a verdict in favor of plaintiffs in the sum of $395,000 plus attorney fees. Thereafter, the plaintiffs filed a motion for prejudgment interest and, following a hearing, the trial court denied the motion on the basis that plaintiffs had failed to show a good-faith effort to settle as a result of a failure to make a written settlement demand. It is undisputed that during the pendency of the case, *i.e.,* the time that had preceded the trial and verdict, there had been no written or oral settlement demand made upon defendants.

The pertinent statute involved herein, R.C. 1343.03(C), states as follows:

"Interest on a judgment, decree, or order for the payment of money tendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

The trial court, in denying the motion for prejudgment interest, specifically found that the written settlement demand in the previous case in Washington County was not sufficient to maintain plaintiffs' burden of proof for entitlement to prejudgment interest in the instant case. More specifically, the trial court concluded that the absence of a written settlement demand in the instant case precluded the plaintiffs from meeting the procedural hurdles set forth in *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572. From this decision, the plaintiffs appeal and raise a single assignment of error as follows:

"Plaintiff has proven by a preponderance of the evidence the elements necessary to establish its good faith effort to settle and the defendants' failure to make a good faith effort to settle this case pursuant to O.R.C. § 1343.03(C), thereby entitling plaintiffs to an award of prejudgment interest."

■ As a preliminary matter, we address the plaintiffs' contention that the trial court, in considering the issue of prejudgment interest, misapplied R.C. 1343.03(C) and the underlying case law. It is now well settled that a trial court, upon the consideration of a motion for prejudgment interest, has wide discretion in determining the issue based upon the evidence presented by the parties. After denial of a motion for prejudgment interest, a trial court's decision will not be reversed absent a showing of an abuse of discretion. As stated in *Cox v. Fisher Fazio Foods, Inc.* (1984), 13 Ohio App.3d 336, 13 OBR 414, 469 N.E.2d 1055, paragraph one and two of the syllabus:

"1. An award of prejudgment interest in a tort case is within the discretion of the trial court (R.C. 1343.03[C], construed).

"2. The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."

See, also, *Cox v. Oliver Machinery Co.* (1987), 41 Ohio App.3d 28, 534 N.E.2d 855, and *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248.

In addition to the standard of review being one of abuse of discretion, the decision of the trial court as to whether a party exercised good faith with respect to efforts to settle a case is also left to the sound discretion of the trial court. See *Youssef v. Parr, Inc.* (1990), 69 Ohio App.3d 679, 591 N.E.2d 762, and *Roberts v. Mut. Mfg. & Supply Co.* (1984), 16 Ohio App.3d 324, 16 OBR 355, 475 N.E.2d 797. Thus, we reaffirm adherence to the already decided law that a party challenging the trial court's denial of a motion for prejudgment interest must show that there was either an abuse of discretion as it relates to the ultimate decision itself or an abuse of discretion as it relates to the application of the general principles relating to the requirement of good faith.

The plaintiffs have alleged that the defendants failed to cooperate with respect to discovery, failed to negotiate in good faith, failed to attend a settlement conference, and generally neglected various duties incumbent upon a party as far as responsible representation during the course of litigation. The parties both refer to the case of *Kalain,* wherein the Supreme Court generally defined what is meant by a party not failing to make a good-faith effort, when it stated the following:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." *Id.*, 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, syllabus.

The plaintiffs generally assert that they met all of the requirements set forth in *Kalain,* since they timely filed a motion, a hearing was held, and they established that a good faith effort was made on their part to settle the case. Last, plaintiffs assert that they established before the trial court that they did not fail to make a good-faith effort to settle. It is on this last point that the trial court premised its decision, since there was no showing by plaintiffs that, during the pendency of the case, a written demand of settlement was made upon defendants. While the record appears to support plaintiffs' contention that defendants did not act timely as far as their assessment of the case and the risks involved, nor did they participate actively in discovery and apparently totally missed a settlement conference, the case eventually proceeded to trial. The plaintiffs generally claim that a settlement demand is not in itself a necessity as far as satisfying the requirements of making a good-faith effort to settle. Plaintiffs cite the cases of *Galayda v. Lake Hosp. Sys., Inc.* (1994), 71 Ohio St.3d 421, 429, 644 N.E.2d 298, 304; *Perkins v. Miami Valley Regional Transit Auth.* (Jan. 12, 1987), Montgom-

ery App. Nos. 9563 and 9696, unreported, 1987 WL 5535; and *Smith v. Jaskowiak* (May 12, 1991), Trumbull App. No. 90–T–4365, unreported, 1991 WL 84230. We find upon review that none of these cases generally supports plaintiffs' contention, as the cases do not address the requirement as set forth in *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 659, 635 N.E.2d 331, 348, wherein the Supreme Court stated:

" * * * Accordingly, it is incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. Other factors would include responses—or lack thereof—and a demand substantiated by facts and figures. Subjective claims of lack of good faith will generally not be sufficient. These factors, and others where appropriate, should also be considered by a trial court in making a prejudgment interest determination."

Plaintiffs seem to argue that the requirement to "make a good faith effort to settle" can be satisfied by conduct apart from making an express settlement demand. It would appear from the many cases interpreting the mandates set forth in *Kalain* that this argument of plaintiffs is not well taken. While a party could, through its conduct, exhibit all forms of good faith in an effort to settle, the opposing party could not be in a position to intelligently respond to overtures relating to settlement unless a specific figure was known and the specific figure was based upon an objective evaluation of the case relating to both liability and damages.

Additionally, plaintiffs have raised a question as to whether the requirements of making a good-faith effort to settle could be satisfied by other prelitigation conduct. This question has to be answered in the negative. Prelitigation conduct other than a settlement demand is insufficient to comply with the requirements of the statute relating to a good-faith effort to settle. Prelitigation conduct in itself cannot serve as an evidentiary basis for entitlement to prejudgment interest.

A plaintiff's primary obligation, in consideration of entitlement to prejudgment interest, relates back in time in any litigation to a plaintiff's burden to evaluate and make a considered settlement demand upon a defendant. A defendant, regardless of the merits of the case, is entitled to receive a settlement demand as a precondition not only to evaluating the case and the risk attendant in proceeding to trial, but for the later potential (always viewed with hindsight) regarding the very question here involved relating to the issue of prejudgment interest. While we are not aware of another case exactly on point from a factual

standpoint, we agree with the trial court's conclusion that the settlement demand made in the previous case involving the parties in the instant case would not serve as the basis for a valid settlement demand in the refiled case. Obviously, there are different parties involved, and the passage of time could affect the legitimacy of the settlement demand, as well as change in venue and different counsel. The changed location of the potential trial may have significantly affected the entire case so that the earlier settlement demand would have no direct relevance in the refiled case. Under such circumstances, we do not find that the trial court abused its discretion in denying the motion for prejudgment interest.

We agree with plaintiffs that R.C. 1343.03(C) was enacted to promote settlement efforts. The long lapses of time between the filing of an action and the eventual trial delay the day of compensation to a plaintiff in a meritorious case; if a defendant, during the litigation process, fails to respond in a reasonable manner to a carefully proposed settlement demand, a plaintiff should in general be entitled to additional compensation by way of the award of prejudgment interest back in time to the date the cause of action accrued. While plaintiffs successfully prosecuted their case in the trial court, it does not follow, based upon the record before us, that the trial court abused its discretion in denying plaintiffs' motion for prejudgment interest. We recognize that defendants may have been dilatory as far as their litigation practices, but such conduct, standing alone, does not entitle a party to prejudgment interest in the absence of the latter's failure to tender a written settlement demand. We agree with the trial court that a failure to make a written settlement demand was a fatal flaw in plaintiffs' pursuit of prejudgment interest. Even if the settlement demand was made, it would still remain in the discretion of the trial court, considering all factors, whether defendants failed to make a good-faith effort and thus the ultimate decision as to entitlement to relief would remain with the trial court subject to reversal only upon a showing of abuse of discretion.

Based upon the foregoing, plaintiffs' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.