Defendant-appellant, Century Surety Company, appeals from a decision of the Franklin County Court of Common Pleas overruling its objections and adopting the magistrate's decision awarding appellee prejudgment interest.
Plaintiff-appellee, McDaniel's Construction Corporation, sued appellant on a subcontract performance bond issued by appellant in conjunction with an Ohio Department of Transportation project. The parties settled the matter on the date of trial. A judgment entry incorporating their settlement was filed. Under the terms of the judgment entry, appellee was awarded a judgment against appellant on appellee's breach of contract claim for $68,476.32, the penal limit of the bond. The judgment entry directed the parties to prepare memoranda on the issue of prejudgment interest, which was to be decided upon the memoranda or upon an evidentiary hearing if requested by either party and approved by the court. Both parties filed memoranda, and appellee requested an evidentiary hearing. The trial court referred the issue of prejudgment interest to a magistrate.
The magistrate found that appellee was entitled to prejudgment interest because he found that appellee needed prejudgment interest to be fully compensated for the four-and-a-half-year period appellee was deprived of the use of the bond money. Appellant filed objections to the magistrate's decision, but appellant did not file a transcript of the hearing before the magistrate. Appellant later filed a motion for leave to file the transcript late and represented to the trial court that its objections were limited to the magistrate's conclusions of law and not to any of the magistrate's findings of fact. The trial court granted the motion to file the transcript out-of-rule. The trial court agreed with the magistrate that the award of prejudgment interest was necessary to make appellee whole and rejected appellant's arguments that the bond money never became "due and payable" and that, as a result, appellee was not entitled to prejudgment interest. Thus, the trial court overruled appellant's objections and adopted the magistrate's decision. Appellant filed a timely appeal.
Appellant asserts three assignments of error.
 I. THE TRIAL COURT ERRED IN FAILING TO FULLY CONSIDER CENTURY'S DEFENSES THAT McDANIEL'S BOND CLAIM NEVER BECAME DUE AND PAYABLE PRIOR TO THE PARTIES' JUNE, 1997 SETTLEMENT, AND THAT, THEREFORE, PREJUDGMENT INTEREST NEVER BECAME DUE AND OWING.
 II. THE TRIAL COURT ERRED IN FAILING TO HOLD THAT PRINCIPLES OF EQUITY COMPEL THAT PREJUDGMENT INTEREST NOT BE AWARDED IN THIS CASE.
 III. THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST TO McDANIEL'S FROM OCTOBER 8, 1992.
Appellee was the prime contractor on an Ohio Department of Transportation ("ODOT") project involving the removal of old fencing and installation of new fencing along Interstate 75 in Warren County, Ohio. Appellee subcontracted the fence removal with Services Unlimited, Inc., a non-party, for $68,467.32. Appellant served as the surety for Services Unlimited and issued a performance bond with a penal limit of $68,467.32 to appellee, guaranteeing Services Unlimited's completion of the work under the subcontract.
After several problems arose with Services Unlimited's performance, appellee declared Services Unlimited in default under the subcontract. Although appellee initially elected to remedy the default by obtaining substitute performance, the parties eventually agreed that appellee would complete the work itself with a limited amount of subcontracting. Appellee completed the work on December 10, 1992.
Because appellant's first and second assignments of error concern the issue of appellant's liability under the bond, we will address them together. In appellant's first assignment of error, it argues that the trial court erred by not considering its defenses that the bond never became due and payable prior to the settlement and that, consequently, prejudgment interest never became due and owing. In appellant's second assignment of error, it argues that the trial court erred by failing to hold that equity compels that prejudgment interest not be awarded in this case. We disagree with both assignments of error.
Although this court has reviewed awards of prejudgment interest under R.C. 1343.03(C) for an abuse of discretion, seeLeMaster v. Huntington Natl. Bank (1995), 107 Ohio App.3d 639, appeal not allowed (1996), 75 Ohio St.3d 1497, R.C. 1343.03(A) does not employ the "good faith effort to settle" test found in R.C. 1343.03(C), which is that aspect of prejudgment interest to which the trial court's discretion applies. Moskovitz v. Mt.Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, certiorari denied (1994), ___ U.S. ___, 115 S.Ct. 668. Accordingly, R.C.1343.03(A) does not vest the trial court with discretion to award prejudgment interest, but grants prejudgment interest whenever an award is necessary to fully compensate a party.Royal Elec. Constr. Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110; United States Playing Card Co. v. The Bicycle Club
(1997), 119 Ohio App.3d 597.
Prejudgment interest is available, as provided in R.C.1343.03(A):
 * * * [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten percent per annum * * *.
Both parties agree that Royal is controlling on the determination of the prejudgment interest issue. In Royal, the Supreme Court of Ohio rejected the limitation of prejudgment interest to claims that are certain or capable of ascertainment and established a new test for awarding prejudgment interest.Id. at 116. The Supreme Court of Ohio stated that, "in determining whether to award prejudgment interest pursuant to R.C. 2743.18(A) and 1343.03(A), a court need only ask one question: Has the aggrieved party been fully compensated?" Id.
The Ohio Supreme Court explained that prejudgment interest serves to make the aggrieved party whole, rather than punishing the party responsible for the injury, by compensating the aggrieved party for the lapse of time between the accrual of the claim and judgment. Id. at 117. Moreover, prejudgment interest encourages prompt settlement and discourages delay between injury and judgment. Id. at 116-117. Thus, the Supreme Court of Ohio held at the syllabus:
 In a case involving breach of contract where liability is determined and damages are awarded * * *, the aggrieved party is entitled to prejudgment interest on the amount of damages found due by the [c]ourt * * *. The award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court. * * *
Appellant's asserted defenses that the bond never became due and payable, and its argument that it would be inequitable to order it to pay prejudgment interest are defenses to liability under the bond. However, liability has already been established by the judgment entry of June 9, 1997. Although appellant argues that it did not admit liability or waive its defenses, its liability was conclusively established by the entry of judgment for appellee on the breach of contract claims for $68,476.32, which is the penal limit of the bond. This judgment entry qualifies as a "judgment" under the terms of R.C.1343.03(A), which entitles appellee to prejudgment interest. Moreover, appellee is entitled to prejudgment interest under the holding of Royal because: 1) liability was determined; and 2) damages were awarded. The only remaining inquiry is whether or not appellee was fully compensated. Both the magistrate and the trial court found that appellee was deprived of the use of the bond money from October 1992, until June 1997, so they awarded appellee prejudgment interest for this period to make it whole.
Thus, the trial court did not err by not considering appellant's defenses or equity claim, which would have amounted to reopening the issue of liability contrary to the judgment agreement reflecting their settlement of the case. Therefore, the trial court neither misapplied Royal nor erred in awarding appellee prejudgment interest. Consequently, appellant's first and second assignments of error are overruled.
In appellant's third assignment of error, it argues that the trial court erred in awarding prejudgment interest to appellee from October 8, 1992. The determination of when interest commences to run requires a factual determination by the trial court. As noted above, appellant represented to the trial court that it was not objecting to the magistrate's findings of fact but only the magistrate's conclusions of law. Under Civ.R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Thus, appellant has not properly preserved the issue, so it is waived on appeal. Harbeitner v. Harbeitner
(1994), 94 Ohio App.3d 485, 489; Proctor v. Proctor (1988),48 Ohio App.3d 55, 63.
Even assuming, arguendo, that the issue was properly preserved for appeal, the trial court did not err by awarding prejudgment interest from October 1992, to June 1997. The trial court utilizes R.C. 1343.03(A) to select the date when prejudgment interest accrues and to determine what interest rate applies. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339,342; Royal, at 115. The trial court's determination of when prejudgment interest accrues is based upon the facts and circumstances of the particular case. Landis, at 342. Under the terms of the subcontract performance bond at issue, breach was established by appellee formally declaring Services Unlimited in default under the subcontract. Here, appellee informed Services Unlimited by letter of its breach as early as August 4, 1992, and the case was not settled until June 9, 1997. Thus, the prejudgment commencement date chosen by the trial court fell within the date of the accrual of the claim and the date of judgment as provided in Royal. Royal, at 117. Consequently, appellant's third assignment of error is overruled.
Based on the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.